JOHN J. PRUSAK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JOSEPH A. PRUSAK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Prusak v. Commissioner
Docket Nos. 2465-76, 6225-77.
United States Tax Court
T.C. Memo 1979-112; 1979 Tax Ct. Memo LEXIS 415; 38 T.C.M. (CCH) 518; T.C.M. (RIA) 79112; March 27, 1979, Filed Raymond M. Pezzo, for the petitioners. Jack H. Klinghoffer, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: In these consolidated cases, respondent determined deficiencies in petitioners' Federal income tax for the calendar year 1973 in the following amounts: Docket No. 2465-76
$5,751.63
Docket No. 6225-77
3,562.88
The sole issue is whether petitioners' stock in Tarry Hope, Inc., was "section 1244 stock," [1] with the result that petitioners would be entitled to an ordinary loss in the year in which the stock became worthless. *417 This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner John J. Prusak resided in Dutchess County, New York, at the time of filing his petition herein. He filed his Federal income tax return for the calendar year 1973 with the Internal Revenue Service Center, Andover, Massachusetts. Petitioner Joseph A. Prusak resided in Westchester County, New York, at the time of filing his petitioner herein. He filed his Federal income tax return for the calendar year 1973 with the Internal Revenue Service Center, Holtsville, New York. Petitioners are stockholders of Tarry Hope, Inc. (the corporation), a New York corporation which was incorporated on June 22, 1972. On June 29, 1972, the board of directors of the corporation adopted a plan to offer the corporation's stock as "section 1244 stock." The corporation's stock became worthless in calendar year 1973. Throughout *418 its existence, the corporation derived more than 50 percent of its aggregate gross receipts from rents within the meaning of section 1244. In each year of its existence, prior to the time its stock became worthless, the corporation's allowable deductions (other than those allowed under sections 172, 243, 244, and 245) exceeded its gross income. Section 1244(a) provides that, within certain limits, losses on "section 1244 stock" shall be treated as ordinary losses. "Section 1244 stock" is defined in section 1244(c). The parties' dispute herein centers on section 1244(c)(1)(E), which provides that a corporation's stock qualifies as "section 1244 stock" if, inter alia-- such corporation, during the period of its 5 most recent taxable years ending before the date the loss on such stock is sustained (or if such corporation has not been in existence for 5 taxable years ending before such date, during the period of its taxable years ending before such date, or if such corporation has not been in existence for one taxable year ending before such date, during the period such corporation has been in existence before such date), derived more than 50 percent of its aggregate gross receipts *419 from sources other than royalties, rents, dividends, interest, annuities, and sales or exchanges of stock or securities * * * except that this subparagraph shall not apply with respect to any corporation if, for the period referred to, the amount of the deductions allowed by this chapter (other than by sections 172, 243, 244, and 245) exceed the amount of gross income. [Emphasis added.] Petitioners admit that more than 50 percent of the corpoation's gross receipts were derived from rents but claim that it falls within the exception emphasized above since its deductions exceeded its gross income during the applicable period. Respondent's position is set forth in section 1.1244(c)-(1)(g)(2), Income Tax Regs., which provides in relevant part: Notwithstanding the provisions of this subparagraph and of subparagraph (1) of this paragraph [defining "gross receipts"], pursuant to the specific delegation of authority granted in section 1244(e) to prescribe such regulations as may be necessary to carry out the purposes of section 1244, ordinary loss treatment will not be available with respect to stock of a corporation which is not largely an operating company within *420 the five most recent taxable years (or such lesser period as the corporation is in existence) ending before the date of the loss. [Emphasis added.] Petitioners contend that the Secretary has exceeded his authority in promulgating this regulation and that it is, therefore, invalid. Petitioners do not argue that the corporation was "largely an operating company." The precise issue presented herein was recently considered by this Court and was decided in respondent's favor. Davenport v. Commissioner,70 T.C. 922 (1978). See also Bates v. United States, an unreported case ( N.D. Ohio, Mar. 29, 1976, 37 AFTR 2d 76-1090, 76-1 USTC par. 9367), affd. 581 F.2d 575 (6th Cir. 1978). All of the arguments presented by the parties herein were considered in Davenport and nothing in the facts herein gives us reason to reach a different conclusion. Indeed, the record herein is totally devoid of any indication that the activity of the corporation was of such a nature that it might be argued that it in fact was "largely an operating company" -- an issue which was the foundation of the differing views of members of this Court in Davenport *421 . Decisions will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue, unless otherwise indicted.↩